**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD MARTIN JONES, a/k/a
Edward Brown,

    Defendant - Appellant.

No. 25-1291
(D.C. No. 1:23-CR-00301-NYW-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

The parties settled this case in district court with a plea agreement. One of the agreement's terms required Edward Jones to waive his right to appeal except under limited circumstances not present here. Despite the waiver, Mr. Jones has appealed. He urges us not to enforce the waiver, claiming he did not fully understand the plea agreement. Although he expressed confusion at times during his plea hearing, the record makes clear that he ultimately understood the agreement. And so we grant the government's motion to enforce the appeal waiver.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

Mr. Jones concedes that the scope of his waiver covers this appeal, so we will address only the other two requirements.

II

Mr. Jones has the burden to prove his waiver was not knowing and voluntary. *See United States v. Salas-Garcia*, 698 F.3d 1242, 1254 (10th Cir. 2012). To determine whether a waiver was knowing and voluntary, we typically focus on two factors—whether the plea agreement says the defendant knowingly and voluntarily entered into it, and whether the district judge conducted an adequate plea colloquy. *See Hahn*, 359 F.3d at 1325.

A

The plea agreement says that Mr. Jones knowingly and voluntarily waived his right to appeal. The parties' dispute centers on what happened at the plea hearing.

At the plea hearing, the parties presented an agreement containing two relevant stipulations. *See* Fed. R. Crim. P. 11(c)(1)(C). First, the parties agreed that 10 years' imprisonment was the appropriate sentence. Second, the parties agreed to recommend that Mr. Jones receive credit for time he served on a state conviction that had been vacated after his successful appeal. Although the parties stipulated that the

credit recommendation was "part of the binding Rule 11(c)(1)(C) agreement," they recognized that the Bureau of Prisons would "ultimately calculate the sentence." Mot. to Enforce, Attach. 1 (Plea Agreement) at 2 n.2.

At the beginning of the plea hearing, some of Mr. Jones's responses suggested he still had questions:

> THE COURT: Is there anything about how you feel right now, either physically or emotionally, that prevents you from understanding what is happening in this hearing?
>
> THE DEFENDANT: I wouldn't say emotionally.
>
> THE COURT: Is there anything about how you are today that makes you unable to understand what is going on?
>
> THE DEFENDANT: Yeah, I need to clarify some things, and I think that maybe you can—only you are the one to clarify.
>
> THE COURT: Okay. So do you understand what is happening in this hearing right now?
>
> THE DEFENDANT: So far, yes.
>
> THE COURT: So if you don't understand something, I need [you to] ask me the question so I can clarify it for you, okay.
>
> THE DEFENDANT: I will.

Mot. to Enforce, Attach. 2 (Plea Tr.) at 6–7. When the court asked if his attorney had answered all of his questions, Mr. Jones said, "Well, almost. Almost." *Id.* at 7.

But as the hearing progressed, Mr. Jones denied having any outstanding questions. The court asked if he had any questions about the information discussed

3

at the hearing.  Although he initially claimed to have questions, when the court asked what they were, Mr. Jones replied, "You've answered them.  You've answered them." *Id.* at 21.

After pleading guilty, however, Mr. Jones disclosed "a big problem" he had with the plea agreement.  *Id.* at 26.  He wondered whether the Bureau of Prisons had to honor the court's recommendation to give him credit for time spent in state custody.  The court informed him that if it accepted the plea agreement, it would be bound to make the recommendation for credit, but it could not guarantee what the Bureau of Prisons would do with the recommendation.  Mr. Jones insisted that the court's description was not what he had been "told from the beginning." *Id.* at 31.

The court then gave Mr. Jones an opportunity to back out of the plea agreement, but he chose to stand by it.

B

Claiming his plea was invalid,[1] Mr. Jones underscores his statements in the beginning of the hearing asserting that he needed clarification and suggesting that he had outstanding questions.  But the record provides no reason to think that either confusion or questions remained by the time the hearing ended.

---

[1] Although the issue before us is whether Mr. Jones knowingly and voluntarily waived his right to appeal, his focus on the validity of his plea more broadly is appropriate.  After all, if he did not knowingly and voluntarily enter into the plea agreement, then "the appellate waiver subsumed in the agreement also cannot stand." *United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014).

Mr. Jones disagrees.  He contends that we should discount his statements near the end of the plea hearing—the statements, for example, that his questions had been answered and that he still wished to enter the plea agreement after the court had clarified the nature and limitations of its credit recommendation.  Those statements have no significance, he says, because the court never followed up on his earlier expressions of confusion, leaving him with "a feeling of helplessness" and causing him just to "say what was expected."  Resp. at 9.

The record refutes this contention.  Mr. Jones had no problem raising his concern about the credit recommendation.  More than that, though, he then engaged in a back-and-forth (filling several transcript pages) about the recommendation directly with the court.  That is not the behavior of someone resigned just to go along.

In his remaining challenges to his plea, Mr. Jones suggests that his plea counsel provided ineffective assistance.  But defendants generally must raise ineffective-assistance claims in collateral proceedings rather than on direct appeal. *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).  That remains true even when the ineffective-assistance claim seeks to invalidate an appeal waiver.  *Id.* Mr. Jones neither acknowledges this general rule nor offers a reason for us to depart from it.  We therefore decline to consider his arguments impugning plea counsel's advice.

To sum up:  Despite the statements suggesting Mr. Jones went into the plea hearing with lingering questions, the record shows that he ultimately accepted the plea agreement with a full understanding of its terms.

III

Enforcing an appeal waiver will result in a miscarriage of justice only if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings.  *See Hahn*, 359 F.3d at 1327.

Arguing that enforcing the appeal waiver will result in a miscarriage of justice, Mr. Jones reiterates the points he made challenging the validity of his plea.  "His waiver," he says, "stemmed from incomplete and insufficient advice about the terms and consequences, as well as a feeling that his questions and doubts were not going to be addressed if he did try to express them."  Resp. at 11.

Mr. Jones has not shown that enforcing his waiver will result in a miscarriage of justice.  Again, he must raise any ineffective-assistance claims in a collateral proceeding.  *See Porter*, 405 F.3d at 1144.  And his claim that he felt reluctant to raise questions at the plea hearing amounts to an argument against the validity of his plea, one we have already rejected.

*        *        *

We grant the government's motion to enforce Mr. Jones's appeal waiver.  We dismiss this appeal.

Entered for the Court

Per Curiam